IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| LUIS GUERRERO-GAVIRIA | : | No. 06-119 |

**MEMORANDUM RE:  PETITION FOR HABEAS CORPUS RELIEF**

**Baylson, J.**                                                                                               **July 27, 2009**

Defendant and Petitioner Luis Guerrero-Gaviria ("Gaviria") pleaded guilty before this Court to one count of illegal reentry after deportation. After the Third Circuit affirmed his sentence on appeal, Gaviria filed the current Motion to Vacate/Set Aside/Correct Sentence Under 28 U.S.C. § 2255, asserting several grounds of error. For the following reasons, Gaviria's Motion will be denied.

**I.      Background and Procedural History**

On June 7, 2006, Gaviria pleaded guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), as enhanced for deportation as a result of an aggravated felony under § 1326(b)(2). (Doc. 18, 22). At the change of plea hearing, the Government summarized the evidence against Gaviria as, and Gaviria stipulated to the truth of, the following facts. (C.O.P. Hr'g 13:9-14:12).

Gaviria is a citizen of Panama and is not a citizen of the United States. Among a long history of criminal arrests and convictions, Gaviria pleaded guilty in Pennsylvania state court to having engaged in a conspiracy to possess with the intent to deliver heroin, cocaine, and marijuana in 1996. The state court sentenced Gaviria to prison for five months to one day short

of five years for the offense.[1]  After serving his time in prison, Gaviria was deported to Panama on July 3, 2003.  Despite the fact that he never requested nor received authorization to return, Special Agent Stephanie Fritzges learned that Gaviria had been arrested in Allentown, Pennsylvania on November 6, 2005 under an assumed name.  A fingerprint analysis confirmed that the detained individual was Gaviria.

On March 16, 2006, the grand jury returned an indictment against Gaviria, charging him with one count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a).  (Doc. 1).  After Gaviria pleaded guilty on June 7, 2006 (Doc. 18, 22), this Court held a sentencing hearing on October 4, 2006 (Doc. 27, 36).  At that time, Gaviria had no objections to the Pre-Sentence Report from the Probation Office.  (Sent. Hr'g 3:23-4:1).  This Court ultimately sentenced Gaviria to a term of 90 months in prison, followed by three years of supervised release.  (Sent. Hr'g 19:12-17); (Doc. 30).

Gaviria then appealed his sentence to the Third Circuit, arguing that the sentence imposed was unreasonable and that it was imposed purely for purposes of rehabilitation.  The Third Circuit rendered its decision on January 16, 2008, rejecting Gaviria's argument and affirming the sentence this Court imposed.  See United States v. Guerrero-Gaviria, 261 Fed. Appx. 438 (3d Cir. 2008); (Doc. 37).

Gaviria then filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on December 24, 2008.  (Doc. 38).  However, this

---

[1] Though the transcript of the change of plea hearing does not make it perfectly clear what the sentence was for this state conviction, (C.O.P. Hr'g 12:14-18), the Pre-Sentence Report indicates that the sentence was five months to one day short of five years, (PSR ¶¶ 37-38), and Gaviria did not object at his sentencing to the facts included in the PSR, (Sent. Hr'g 3:23-4:1).  Whether Gaviria admitted to the conviction is an issue that will be discussed below.

Court rejected Gaviria's filing and directed him to utilize the Court's current standardized form for § 2255 motions. (Doc. 39). Gaviria responded by providing the correct § 2255 form on January 28, 2009, (Doc. 40), which is the operative Motion for purposes of this Court's decision. The Government filed its response to the Motion on May 27, 2009. (Doc. 42). After Gaviria submitted a reply to the Government's Response on June 11, 2009, (Doc. 43), the Government filed a sur-reply on June 12, 2009, (Doc. 44).

## II.     Standard for § 2255 Petitions

Gaviria brings this Motion under 28 U.S.C. § 2255, which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court may grant relief under this statute if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

## III.    Points of Alleged Error

In his Motion, Gaviria raises the following points of alleged error:

(1)     Gaviria's counsel was ineffective for not sufficiently arguing that there was a geographic sentencing disparity between the sentence that Gaviria received and the sentence that

similarly charged defendants receive pursuant to the Justice Department's "Fast Track" Program in other judicial districts;

(2) this Court erred when it did not offer Gaviria the option of entering into the "Fast Track" Program, due to the same alleged geographic sentencing disparity that resulted from the sentence this Court imposed;

(3) Gaviria's indictment failed to properly notify him of the charge entered against him and the facts alleged to support the charge, in violation of the Fifth and Sixth Amendments;

(4) this Court improperly added a criminal history point of 1 for Gaviria's prior conviction of providing false information to a police officer, in violation of U.S. Sentencing Guidelines § 4A1.2(c)(1).

In addition to the grounds raised above, Gaviria contends that these issues were not raised on appeal because of the allegedly ineffective assistance of his counsel at each stage of prior proceedings. Therefore, grounds 3 and 4 will also be construed as ineffective assistance claims.

Whether a defendant was denied effective assistance of counsel is controlled by the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984). "Under the Strickland standard, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense." United States v. Smith, 2009 WL 1578058, at *2 (E.D. Pa. June 5, 2009) (Baylson, J.) (citing Strickland, 466 U.S. at 687).

A. **Sentencing Disparity Relative to Defendants in "Fast Track" Program**

The first two grounds of error raised by Gaviria relate to the Justice Department's "Fast Track" Program and whether Gaviria's sentence reflects a geographic sentencing disparity since

he was not offered the opportunity to enter into that program. In its Response, the Government summarized the nature of the Fast Track program:

> Beginning in the 1990s, United States Attorneys' Offices along the Mexican border began to adopt fast-track programs in order to deal with the high volume of illegal-reentry cases. Under these programs, prosecutors would offer illegal-reentry defendants reduced sentences in return for entering pre-indictment guilty pleas and waiving various rights, including the rights to be indicted and to appeal their sentences.

(Def.'s Resp. at 8). Unlike the border districts, however, the Eastern District of Pennsylvania does not have a Fast Track program, and therefore did not offer Gaviria the opportunity to participate in it. (Def.'s Resp. at 8).

Gaviria bases his claim of error on 18 U.S.C. § 3553(a)(6), which provides that a district court, "in determining the particular sentence to be imposed, shall consider . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. Gaviria contends that this Court violated § 3553(a)(6) by not concluding that the absence of a Fast Track program in this judicial district caused Gaviria to be the victim of a sentence disparity relative to judicial districts that do participate in the program.

The Third Circuit recently considered this argument in United States v. Vargas, 477 F.3d 94 (3d Cir. 2007), cert. denied, 128 S. Ct. 199. As here, the defendant in Vargas pleaded guilty to illegal reentry into the United States after deportation following conviction of an aggravated felony. Id. at 96. On appeal, the defendant argued, inter alia, that the district court erred when it "reject[ed] his argument that his sentence, when considered in light of sentences of similarly situated defendants in 'fast-track' districts, creates an 'unwarranted sentencing disparity' under

18 U.S.C. § 3553(a)(6)." Id. at 98.  Because Congress explicitly authorized the "sentencing disparity" through the PROTECT Act[2] when it recognized that not all judicial districts would participate in the program, the Third Circuit rejected the argument and held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." Id. at 99.  The court also affirmed the defendant's sentence by noting that the defendant failed "to demonstrate similarity by showing that other defendants' 'circumstances exactly paralleled' his."  Finally, stating that appellate courts "review sentences solely for reasonableness," id. at 100, and that the Third Circuit "will tolerate statutory sentencing disparities so long as a judge demonstrates that he or she viewed the Guidelines as advisory and reasonably exercised his or her discretion," id., (quoting United States v. Charles, 467 F.3d 828, 833 (3d Cir. 2006)), the court held that the district court's "sentence was reasonable, even in light of any disparity created by fast-track programs," id.

As in Vargas, Gaviria was charged with, and pleaded guilty to, illegal reentry following conviction of an aggravated felony.  His argument concerning the sentencing disparity is the same one that the Third Circuit rejected in Vargas, which is still good law in the Third Circuit. Gaviria also failed to carry his burden of "demonstrat[ing] similarity by showing that other defendants' 'circumstances exactly paralleled' his." Id.; see also United States v. Reina, 2009 WL 1448340, at *2 (3d Cir. May 22, 2009) (non-precedential) (rejecting defendant's argument that Kimbrough v. United States, 552 U.S. 85 (2007), overruled Vargas and holding that the defendant had provided "no evidence in the record to show . . . that [the defendant] was actually

---

[2] Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650, 675 (2003).

treated differently from similarly situated defendants in fast-track jurisdictions."). Gaviria failed to present any evidence during his direct proceedings concerning other defendants and has not presented any evidence during these habeas proceedings.

In any event, the Third Circuit has already determined that this Court's exercise of discretion in considering the 18 U.S.C. § 3553(a) factors was appropriate. See Guerrero-Gaviria, 261 Fed. Appx. at 440 ("[T]he record shows that the District Court formulated Guerrero-Gaviria's sentence based on a 'meaningful consideration' of the § 3553(a) factors and the 'sentencing grounds properly raised by the parties which have recognized legal merit and factual support,' as is required by our precedent.").

Finally, Gaviria's argument that his counsel was ineffective for not pursuing this argument can be briefly addressed. As Gaviria's underlying argument concerning the sentencing disparity is meritless, Gaviria suffered no prejudice as a result of his counsel's decision to not pursue the argument during the prior proceedings. The first two grounds of error are therefore rejected.

### B. Defective Indictment in Violation of Fifth and Sixth Amendments

Next, Gaviria contends that the Indictment entered against him was defective, in that it failed to properly notify him of the charges against him in violation of his Fifth and Sixth Amendment rights. As noted above, the Court will also consider this ground of error as an ineffective assistance of counsel claim.

As the Government points out, the case of United States v. Resendiz-Ponce, 549 U.S. 102 (2007), is instructive. In that case, the defendant was tried and convicted of illegally attempting to reenter the United States after deportation. On appeal, the defendant made the same argument,

that the indictment entered against him was insufficient to satisfy the Federal Rules of Criminal

Procedure and the constitutional guarantees relevant to the grand jury indictment. The

indictment read as follows:

> On or about June 1, 2003, JUAN RESENDIZ-PONCE, an alien, knowingly and intentionally attempted to enter the United States of America at or near San Luis in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about October 15, 2002, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission.
> In violation of Title 8, United States Code, Sections 1326(a) and enhanced by (b)(2).

549 U.S. at 105. Though the defendant in Resendiz-Ponce put emphasis on the "attempt" aspect of his crime, the language issued by the Supreme Court remains illustrative.

In considering the defendant's claim, the Supreme Court first recognized that "[a]n indictment must set forth each element of the crime that it charges." Id. at 107 (quoting Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998)). Starting from this principle, the Court held that the indictment need not do more than identify the "relevant criminal statute and allege that '[o]n or about June 1, 2003,' respondent 'attempted to enter the United States of America at or near San Luis in the District of Arizona.'" Id. at 108. As it had done in Hamling v. United States, 418 U.S. 87 (1974), the Court recognized "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" Resendiz-Ponce, 549 U.S. at 108 (quoting Hamling, 418 U.S. at 117). For these reasons, the Court held that the

indictment entered against the defendant was sufficient to both provide notice and protect against future prosecutions since it used the word "attempt" and specified the "time and place of respondent's attempted illegal reentry." Id.  In general, "an indictment parroting the language of a federal criminal statute is [] sufficient" to pass constitutional scrutiny. Id. at 109.

The Indictment entered against Gaviria stated that:

> On or about November 6, 2005, in Allentown, Pennsylvania, in the Eastern District of Pennsylvania, defendant LUIS GUERRERO-GAVIRIA, a/k/a Luis Enrique, an alien and a native and citizen of Panama, who had previously been deported from the United States on or about July 3, 2003, was found in the United States, having knowingly and unlawfully re-entered the United States without first applying to the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), (4) and 557), for permission to reapply for admission, and without receiving in response the express consent of the Attorney General or his successor to reapply for admission.
> In violation of Title 8, United States Code, Section 1326(a), (b)(2).

(Doc. 1).  As with the indictment in Resendiz-Ponce, Gaviria's Indictment has several characteristics that bear on whether it satisfies the Constitution.  First, the Indictment identifies the exact date that the offense at issue was committed and where Gaviria was found on that date.  These allegations are important in that they put Gaviria on notice that the Indictment arose out of his presence in the United States, specifically Allentown, Pennsylvania, on November 6, 2005, and also protect him from later prosecution for the same conduct—appearing in Allentown on that date.

Second, the Indictment recites each element of the offense.  In order to prove a violation of 8 U.S.C. § 1326(a), the Government must establish that an

> alien who – (1) has been . . . deported, or removed . . . and

> thereafter (2) enters . . . or is at any time found in, the United
> States, unless (A) prior to his reembarkation at a place outside the
> United States or his application for admission from foreign
> contiguous territory, the Attorney General has expressly consented
> to such alien's reapplying for admission; or (B) with respect to an
> alien previously denied admission and removed, unless such alien
> shall establish that he was not required to obtain such advance
> consent under this chapter or any prior Act, . . . shall be fined under
> Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. § 1326(a). Gaviria's Indictment identifies each of the elements provided in § 1326(a); the Indictment: (a) identifies Gaviria as an alien with Panamanian citizenship; (b) alleges that Gaviria had previously been deported on July 3, 2003; (c) alleges that he was found in the United States, specifically Allentown, PA; (d) alleges that he did not apply for authorization to reenter the country from the Attorney General or the Secretary of Homeland Security; and (e) did not receive such authorization. Each of the essential elements for a violation of § 1326(a) were sufficiently alleged in Gaviria's Indictment. Therefore, in accordance with the Supreme Court's decision, this Court is "satisfied that [Gaviria]'s indictment fully complied with [the Federal Rules of Criminal Procedure] and did not deprive him of any significant protection that the constitutional guarantee of a grand jury was intended to confer." Resendiz-Ponce, 549 U.S. at 789-90.

To the extent that Gaviria argues that any facts above and beyond the essential elements of § 1326(a) that were used to enhance his sentence must be alleged in his Indictment, that argument can be divided into two distinct issues. The first aspect of Gaviria's argument concerns facts not alleged in the Indictment, but which had an impact on the statutory maximum sentence—in his case, that "removal was subsequent to a conviction for commission of an aggravated felony," § 1326(b)(2), which subjected him to a statutory maximum of 20 years. The

Supreme Court has recognized that, for the issue of statutory maximums, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 489 (2000). The one exception, however, applies to Gaviria's case.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the defendant pleaded guilty to the same crime at issue here, a violation of 8 U.S.C. § 1326(a), with the sentencing enhancement of § 1326(b)(2). Id. at 227. At the change of plea hearing, he admitted that the earlier deportation was as a result of three aggravated felony convictions. Id. The defendant then argued at the sentencing hearing that his indictment was defective since the aggravated felony convictions were not alleged in the indictment. Id. On appeal, the Supreme Court determined that § 1326(b)(2) was a sentencing enhancement, not a separate offense, and therefore rejected the defendant's claim that the prior convictions used for the § 1326(b)(2) enhancement had to be alleged in the indictment to pass constitutional muster. Id. at 247; see also United States v. Morehouse, 318 Fed. Appx. 87, 91 (2009) ("Although the Supreme Court has questioned its decision in Almendarez-Torres, it has yet to be overruled.").

Gaviria has offered no reason why this Court should depart from the Supreme Court's decision in Almendarez-Torres. And, since Gaviria admitted to having been convicted of the aggravated felony at issue here,[3] this Court can find no reason to depart from the holding.

---

[3] At the change of plea hearing, after the Government offered to show at trial "the defendant's 1996 state conviction for conspiracy to possess with the intent to deliver heroin, cocaine and marijuana [for a sentence of five months to] five years less one day," defense counsel stated "I don't dispute that he's likely convicted, but we're still awaiting for certified copies of his prior – the sentence he served five years. . . . But once we get the certified copies of an adjudication of guilt, . . . we will likely not be disputing that he's likely an aggravated felon." (C.O.P. Hr'g 26, 27). A review of the record indicates that Gaviria never made any further

The second aspect of Gaviria's argument is that facts that do not modify the statutory maximum sentence, but which are used to enhance a sentence through the district court's application of the Sentencing Guidelines, must be alleged in the indictment. That argument was very recently addressed and rejected in United States v. Grier, 475 F.3d 556 (3d Cir. 2007). "It is now well established in this circuit that facts that only enhance sentences within the range allowed by the jury's verdict (or guilty plea) need not be charged in an indictment or proven beyond a reasonable doubt." United States v. Tidwell, 521 F.3d 236 (3d Cir. 2008) (citing Grier).

Finally, to the extent that Gaviria argues that he had ineffective assistance when his counsel did not make this argument during his prior proceedings, this Court holds that he suffered no prejudice as a result of the argument having not been made.

### C. Criminal History Point for Prior Conviction of Providing False Information

Gaviria's last ground of alleged error is that this Court, in computing Gaviria's appropriate sentencing range under the Sentencing Guidelines, inappropriately attributed one criminal history point for a prior conviction of providing false information to a police officer, in violation of U.S. Sentencing Guidelines § 4A1.2(c)(1).

At the sentencing on October 4, 2006, this Court included a November 6, 2005 state conviction—Gaviria pleaded guilty to providing false identification to law enforcement—when it calculated the criminal history category. Gaviria was placed on probation for a period of twelve months for that 2005 conviction. Relying on §§ 4A1.1(c), 4A1.2(c)(1), this Court added one

---

objection. At sentencing, the Pre-Sentence Report included this conviction. (PSR ¶¶ 37-38). Asked by this Court whether he had an opportunity to read the PSR and whether he took issue with anything included, Gaviria stated that did not have any objections. (Sent. Hr'g 3:23-4:1).

additional criminal history point for the crime, which placed Gaviria in criminal history category VI due to an accumulation of thirteen criminal history points.

Gaviria relies on § 4A1.2(c)(1) of the current Sentencing Guidelines, effective November 1, 2008, which provides that misdemeanor sentences for providing false information to a police officer are only counted when "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). As the 2005 conviction is not similar to the crime that Gaviria was charged with in the current Indictment, and since he was not sentenced to a term of probation of more than one year, Gaviria contends that this Court's use of that conviction in computing his criminal history category was improper.

However, as the Government points out, the current version of the Sentencing Guidelines was not in effect for Gaviria's October 4, 2006 sentencing hearing. Instead, this Court utilized the then-current version of the Guidelines, effective November 1, 2005. Comparing the current version of the Guidelines to the version used at sentencing, there is a small, but important, difference. Addressing misdemeanor convictions for providing false information to a police officer, the 2005 version states that the convictions "are counted only if (A) the sentence was a term of probation of <u>at least one year</u> or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1) (eff. Nov. 1, 2005). Since Gaviria's 2005 conviction resulted in a sentence of parole for one year, the conviction was properly included under the 2005 version of the Guidelines in computing the criminal history points.

Considering Gaviria's claim, then, as an argument that he should be resentenced in light

of the current Guidelines, that argument is contrary to an explicit command by Congress to use the Guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). Absent a challenge on ex post facto grounds or an argument that the revision "merely clarifies the law," this Court was required to use the 2005 version of the Guidelines. See United States v. Wise, 515 F.3d 207, 220 (3d Cir. 2008). Therefore, this Court appropriately computed Gaviria's criminal history category, and the final ground of error is rejected.

Though Gaviria contends that his counsel was ineffective for not making this argument, he clearly suffered no prejudice, regardless of whether his counsel should have made the argument.

## IV. Certificate of Appealability

After a review of the papers, this Court finds no probable cause to issue a certificate of appealability.

## V. Gaviria's Claim of Ethical Violation by the Government

Finally, in his reply brief, Gaviria makes the claim that the Government committed an ethical violation by allegedly misrepresenting the state of the law in its responsive brief. In particular, he contends that the Government argued that his ineffectiveness claim, in the context of the sentencing disparity argument, was procedurally defaulted; he cites Massaro v. United States, 538 U.S. 500, 503-09 (2003), for the proposition that ineffectiveness claims are not procedurally defaulted when filing a § 2255 petition.

However, as the Government noted in its sur-reply, the passage in the Government's brief which Gaviria refers to states:

> Guerrero-Gaviria contends that the Court and the government,

>even without a defense request, should have offered him the option of a fast-track program, and that the failure to do so deprived him of due process. Defendant, however, failed to raise this claim on direct appeal and therefore the issue is not cognizable on collateral review. Defendant argues in the alternative, that his attorney was ineffective for failing to request his inclusion in such a program. Defendant's claims are baseless.

(Govt's Resp. at 7). The Government is correct to say that its responsive brief did not assert that the ineffectiveness claims were procedurally defaulted. And though this Court did get to the merits of each issue raised, the Government's claim that issues not raised by federal habeas petitioners on their direct round of appeal are procedurally defaulted is generally supported by the caselaw. See <u>Hodge v. United States</u>, 554 F.3d 372, 378-79 (3d Cir. 2009) ("Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review."). Accordingly, Gaviria's charge of an ethics violation is also baseless.

An appropriate Order follows.

O:\Criminal Cases\06-119 Guerrero-Gaviria, US v\CR 06-119 Guerrero-Gaviria, US v. - Memo Re Habeas Petition.wpd